1    KAREN P. HEWITT
     United States Attorney
2    STEVEN DE SALVO
     Assistant U.S. Attorney
3    California State Bar No. 199904
     steven.desalvo@usdoj.gov
4    United States Office Building
     880 Front Street, Room 6293
5    San Diego, California 92101
     Telephone: (619) 557-7032

6

7    Attorneys for Plaintiff
     United States of America

8                       UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 10 | UNITED STATES OF AMERICA, ) | Criminal Case No. 07CR3393-BEN |
| 11 | Plaintiff, ) | DATE: February 4, 2008 |
| | ) | TIME: 2 p.m. |
| 12 | v. ) | |
| | ) | GOVERNMENT'S RESPONSE AND |
| 13 | LAZARO LOPEZ-GONZALEZ, ) | OPPOSITION TO DEFENDANT'S |
| | ) | MOTION FOR DISCOVERY |
| 14 | Defendant. ) | |
| | ) | TOGETHER WITH STATEMENT OF |
| 15 | ) | FACTS, MEMORANDUM OF POINTS AND |
| | ) | AUTHORITIES |
| 16 | _____ ) | |

17        COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

18   Karen P. Hewitt, United States Attorney, and Steven De Salvo, Assistant United States Attorney,

19   and hereby files its response and opposition to discovery motions filed by defendant LAZARO

20   LOPEZ-GONZALEZ. Said response is based upon this response and opposition, the files and

21   records of the case and argument.

22

23

24

25

26

27

28

## I.

## STATEMENT OF FACTS

On November 15, 2007, Lazaro Lopez-Gonzalez ("Defendant") was apprehended at the Transit Center in Oceanside, California, after Border Patrol agents contacted Defendant and determined that he was a citizen of Mexico who had no legal documents to enter or remain in the United States. During a search after his arrest, the agents found numerous rounds of ammunition among his possessions. On December 18, 2007, Defendant was arraigned on an Indictment charging that he was an alien illegally in the United States who knowingly and unlawfully, in a manner affecting commerce, possessed ammunition.

## II.

## POINTS AND AUTHORITIES

### A.    STANDARD DISCOVERY REQUESTS

1.    The Government Will Disclose Information Subject To Disclosure Under Rule 16(a)(1)(A) and (B) Of The Federal Rules Of Criminal Procedure

The government will disclose defendant's statements subject to discovery under Fed. R. Crim. P. 16(a)(1)(A) (substance of defendant's oral statements *in response to government interrogation*) and 16(a)(1)(B) (defendant's relevant written or recorded statements, written records containing substance of defendant's oral statements *in response to government interrogation*, and defendant's grand jury testimony).

2.    The Government Will Comply With Rule 16(a)(1)(D)

The defendant will be provided with his or her own "rap" sheet and the government will produce any additional information it uncovers regarding defendant's criminal record. Any subsequent or prior similar acts of defendant that the government intends to introduce under Rule 404(b) of the Federal Rules of Evidence will be provided, along with any accompanying reports, at the reasonable time in advance of trial.

3.    The Government Will Comply With Rule 16(a)(1)(E)

The government will permit defendant to inspect and copy or photograph all books, papers, documents, data, photographs, tangible objects, buildings or places, or portions thereof, that are

1    material to the preparation of defendant's defense or are intended for use by the government as

2    evidence-in-chief at trial or were obtained from or belong to defendant.  This will include an

3    inspection of Defendant's "A-File."

4        Reasonable efforts will be made to preserve relevant physical evidence which is in the

5    custody and control of the investigating agency and the prosecution, with the following exceptions:

6    drug evidence, with the exception of a representative sample, is routinely destroyed after 60 days,

7    and vehicles are routinely and periodically sold at auction.  Records of radio transmissions, if they

8    existed, are frequently kept for only a short period of time and may no longer be available.  Counsel

9    should contact the Assistant assigned to the case two weeks before the scheduled trial date and the

10   Assistant will make arrangements with the case agent for counsel to view all evidence within the

11   government's possession..

12                       5.       The Government Will Comply With Rule 16(a)(1)(F)

13       The government will permit defendant to inspect and copy or photograph any results or

14   reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof,

15   that are within the possession of the government, and by the exercise of due diligence may become

16   known to the attorney for the government and are material to the preparation of the defense or are

17   intended for use by the government as evidence-in-chief at the trial. Counsel for defendant should

18   contact the Assistant United States Attorney assigned to the case and the Assistant will make

19   arrangements with the case agent for counsel to view all evidence within the government's

20   possession.

21                       6.       The Government Will Comply With Its Obligations Under Brady v.

22                               Maryland

23       The government is well aware of and will fully perform its duty under Brady v. Maryland,

24   373 U.S. 83 (1963) and United States v. Agurs, 427 U.S. 97 (1976) to disclose exculpatory

25   evidence within its possession that is material to the issue of guilt or punishment.  Defendant,

26   however, is not entitled to all evidence known or believed to exist that is, or may be, favorable to

27   the accused, or that pertains to the credibility of the government's case.  As stated in United States

28   v. Gardner, 611 F.2d 770 (9th Cir. 1980), it must be noted that:

1    [T]he prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality.

2    611 F.2d at 774-775 (citations omitted). See also United States v. Sukumolachan, 610 F.2d 685,

3    687 (9th Cir. 1980) (the government is not required to create exculpatory material that does not

4    exist); United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976) (Brady does not create any pretrial

5    privileges not contained in the Federal Rules of Criminal Procedure).

6                    7.    Discovery Regarding Government Witnesses

7            a.    Agreements.   The Government will disclose the terms of any agreements by

8    Government agents, employees or attorneys with witnesses that testify at trial.  Such information

9    will be provided at the time of the filing of the Government's trial memorandum.[1]   The

10   Government will comply with its obligations to disclose impeachment evidence under Giglio v.

11   United States, 405 U.S. 150 (1972).

12           b.    Bias or Prejudice.  The Government will provide information related to the bias,

13   prejudice or other motivation to lie of Government trial witnesses as required in Napue v. Illinois,

14   360 U.S. 264 (1959).

15           c.    Criminal Convictions.  The Government has produced or will produce any criminal

16   convictions of Government witnesses plus any material criminal acts which did not result in

17   conviction.   The Government is not aware that any prospective witness is under criminal

18   investigation.

19           d.    Ability to Perceive.  The government will produce in discovery any evidence that the

20   ability of a government trial witness to perceive, communicate or tell the truth is impaired or that

21   such witnesses have ever used narcotics or other controlled substances, or are alcoholics.

22           e.    Witness List.  The Government will endeavor to provide the defendant with a list of

23   all witnesses which it intends to call in its case-in-chief at the time the Government's trial

---

[1]    As with all other offers by the Government to produce discovery earlier than it is required to do, the offer is made without prejudice.  If, as trial approaches, the Government is not prepared to make early discovery production, or if there is a strategic reason not to do so as to certain discovery, the Government reserves the right to withhold the requested material until the time it is required to be produced pursuant to discovery laws and rules.

1    memorandum is filed, although delivery of such a list is not required.  See United States v.

2    Dischner, 960 F.2d 870 (9th Cir. 1992); United States v. Culter, 806 F.2d 933, 936 (9th Cir. 1986);

3    United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987).  Defendant, however, is not entitled to

4    the production of addresses or phone numbers of possible Government witnesses.  See United

5    States v. Thompson, 493 F.2d 305, 309 (9th Cir. 1977), cert. denied, 419 U.S. 834 (1974).  The

6    defendant has already received access to the names of potential witnesses in this case in the

7    investigative reports previously provided to him.

8         f.    Witnesses Not to Be Called.  The Government is not required to disclose all evidence

9    it has or to make an accounting to the defendant of the investigative work it has performed.  Moore

10    v. Illinois, 408 U.S. 786, 795 (1972); see  United States v. Gardner, 611 F.2d 770, 774-775 (9th

11    Cir. 1980).  Accordingly, the Government objects to defendant's request for discovery concerning

12    any individuals whom the Government does not intend to call as witnesses.

13         g.    Favorable Statements.  The Government has disclosed or will disclose the names of

14    witnesses, if any, who have made favorable statements concerning the defendant which meet the

15    requirements of Brady.

16         h.    Review of Personnel Files.  The Government has requested a review of the personnel

17    files of all federal law enforcement individuals who will be called as witnesses in this case for

18    Brady material.  The Government has requested that counsel for the appropriate federal law

19    enforcement agency conduct such review.  United States v. Herring, 83 F.3d 1120 (9th Cir. 1996);

20    see, also, United States v. Jennings, 960 F.2d 1488, 1492 (9th Cir. 1992); United States v.

21    Dominguez-Villa, 954 F.2d 562 (9th Cir. 1992).

22         Pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) and United States v.

23    Cadet, 727 F.2d 1452 (9th Cir. 1984), the United States agrees to "disclose information favorable

24    to the defense that meets the appropriate standard of materiality . . ." United States v. Cadet, 727

25    F.2d at 1467, 1468.  Further, if counsel for the United States is uncertain about the materiality of

26    the information within its possession in such personnel files, the information will be submitted to

27    the Court for in camera inspection and review.

28

1    i.    Government Witness Statements.  Production of witness statements is governed by

2    the Jencks Act (Title 18, United States Code, Section 3500) and need occur only after the witness

3    testifies on direct examination.  United States v. Taylor , 802 F.2d 1108, 1118 (9th Cir. 1986);

4    United States v. Mills, 641 F.2d 785, 790 (9th Cir. 1981)).  Indeed, even material believed to be

5    exculpatory and therefore subject to disclosure under the Brady doctrine, if contained in a witness

6    statement subject to the Jencks Act, need not be revealed until such time as the witness statement

7    is disclosed under the Act.  See United States v. Bernard, 623 F.2d 551, 556-57 (9th Cir. 1979).

8         The government reserves the right to withhold the statements of any particular witnesses it

9    deems necessary until after the witness testifies.  Otherwise, the government will disclose the

10   statements of witnesses at the time of the filing of the government's trial memorandum before trial,

11   provided that defense counsel has complied with defendant's obligations under Federal Rules of

12   Criminal Procedure 12.1, 12.2, and 16 and 26.2 and provided that defense counsel turn over all

13   "reverse Jencks" statements at that time.

14        8.    The Government Objects To The Full Production Of Agents'
               Handwritten Notes At This Time

15

16        Although the government has no objection to the preservation of agents' handwritten notes,

     it objects to requests for full production for immediate examination and inspection.  If certain rough
17

18   notes become relevant during any evidentiary proceeding,  those notes will be made available.

19        Prior production of these notes is not necessary because they are not "statements" within the

20   meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a

21   witness' assertions and they have been approved or adopted by the witness.  United States v.

22   Spencer, 618 F.2d 605, 606-607 (9th Cir. 1980); see also United States v. Griffin,  659 F.2d 932,

23   936-938 (9th Cir. 1981).

24        9.    All Investigatory Notes and Arrest Reports

25        The government objects to the defendant's request for production of all arrest reports,

26   investigator's notes, memos from arresting officers, and prosecution reports pertaining to the

27   defendant.  Such reports, except to the extent that they include Brady material or the statements of

28   defendant, are protected from discovery by Rule 16(a)(2) as "reports . . . made by . . . Government

     agents in connection with the investigation or prosecution of the case."

1  Although agents' reports have already been produced to the defense, the government is not

2  required to produce such reports, except to the extent they contain <u>Brady</u> or other such material.

3  Furthermore, the government is not required to disclose all evidence it has or to render an

4  accounting to defendant of the investigative work it has performed.  <u>Moore v. Illinois</u>,  408 U.S.

5  786, 795 (1972); <u>see</u>  <u>United States v. Gardner</u>, 611 F.2d 770, 774-775 (9th Cir. 1980).

6            10.    <u>Expert Witnesses</u>.

7  Pursuant to Fed. R. Crim. P. 16(a)(1)(G), at or about the time of filing its trial memorandum,

8  the Government will provide the defense with notice of any expert witnesses the testimony of

9  whom the Government intends to use under Rules 702, 703, or 705 of the Fed. R. of Evidence in

10  its case-in-chief.  Such notice will describe the witnesses' opinions, the bases and the reasons

11  therefor, and the witnesses' qualifications.  Reciprocally, the Government requests that the defense

12  provide notice of its expert witnesses pursuant to Fed. R. Crim. P. 16(b)(1)(C).

13            11.    <u>Information Which May Result in Lower Sentence</u>.

14  Defendant claims that the Government must disclose information about any cooperation or

15  any attempted cooperation with the Government as well as any other information affecting

16  defendant's sentencing guidelines because such information is discoverable under <u>Brady v.</u>

17  <u>Maryland</u>.  The Government respectfully contends that it has no such disclosure obligations under

18  <u>Brady</u>.

19  The Government is not obliged under <u>Brady</u> to furnish a defendant with information which

20  he already knows.  <u>United States v. Taylor</u>, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986), <u>cert. denied</u>,

21  479 U.S. 1094 (1987); <u>United States v. Prior</u>, 546 F.2d 1254, 1259 (5th Cir. 1977).  <u>Brady</u> is a rule

22  of disclosure.  There can be no violation of <u>Brady</u> if the evidence is already known to the defendant.

23  Assuming that defendant did not already possess the information about factors which might

24  affect their respective guideline ranges, the Government would not be required to provide

25  information bearing on defendant's mitigation of punishment until after defendant's conviction or

26  plea of guilty and prior to his sentencing date.  "No [<u>Brady</u>] violation occurs if the evidence is

27  disclosed to the defendant at a time when the disclosure remains of value."  <u>United States v.</u>

28  <u>Juvenile Male</u>, 864 F.2d 641 (9th Cir. 1988).

1

### III

2

### <u>CONCLUSION</u>

3    For the foregoing reasons, the Government respectfully requests that the defendant's motions,

4    except where not opposed, be denied.

5    DATED:  February 1, 2008

6                                             Respectfully submitted,

7                                             KAREN P. HEWITT
                                             United States Attorney
8
                                             s/ Steven De Salvo
9
                                             STEVEN DE SALVO
10                                            Assistant U.S. Attorney
                                             steven.desalvo@usdoj.gov
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

UNITED STATES DISTRICT COURT

2

SOUTHERN DISTRICT OF CALIFORNIA

3    UNITED STATES OF AMERICA,              )              Case No. 07CR3393-BEN
                                            )
4                    Plaintiff,             )
                                            )
5              v.                           )
                                            )              CERTIFICATE OF SERVICE
6    LAZARO LOPEZ-GONZALEZ,                 )
                                            )
7                    Defendant.             )
     _____  )

8

IT IS HEREBY CERTIFIED THAT:

9

10           I, STEVEN DESALVO, am a citizen of the United States and am at least eighteen years of
     age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

11           I am not a party to the above-entitled action.  I have caused service of RESPONSE AND
     OPPOSITION TO DEFENDANT'S MOTION FOR DISCOVERY on the following parties by
12   electronically filing the foregoing with the Clerk of the District Court using its ECF System, which
     electronically notifies them.

13

14           Michelle Betancourt
             Federal Defenders of San Diego
15           225 Broadway
             Suite 900
16           San Diego, CA 92101-5008
             (619)234-8467
17           Fax: (619) 687-2666
             Email: candis_mitchell@fd.org

18

     I declare under penalty of perjury that the foregoing is true and correct.

19

20           Executed on February 1, 2008

21                                          s/ Steven De Salvo
                                            STEVEN DE SALVO

22

23

24

25

26

27

28

07CR3393-BEN