1  KAREN P. HEWITT
   United States Attorney
2  STEVEN DE SALVO
   Assistant U.S. Attorney
3  California State Bar No.199904
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7032
   Fax: (619) 235-2757
6  Email: steven.desalvo@usdoj.gov

7  Attorneys for Plaintiff
   United States of America
8

9                    **UNITED STATES DISTRICT COURT**
                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

11 UNITED STATES OF AMERICA,        )  Criminal Case No. 07CR3393-BEN
                                    )
12              Plaintiff,          )  GOVERNMENT'S MOTIONS IN LIMINE TO:
                                    )
13       v.                         )   (A)  EXCLUDE ALL WITNESSES
                                    )        EXCEPT CASE AGENT;
14 LAZARO LOPEZ-GONZALES,           )   (B)  EXCLUDE EVIDENCE WHY
                                    )        DEFENDANT RE-ENTERED THE
15              Defendant.          )        UNITED STATES;
                                    )   (C)  EXCLUDE EVIDENCE REGARDING
16                                  )        PRIOR RESIDENCY;
                                    )   (D)  ADMIT A-FILE DOCUMENTS;
17                                  )   (E)  PROHIBIT REFERENCE TO
                                    )        PUNISHMENT, ETC.;
18                                  )   (F)  PROHIBIT ARGUMENT
                                    )        REGARDING DURESS AND
19                                  )        NECESSITY;
                                    )   (G)  PROHIBIT REFERENCE TO
20                                  )        DOCUMENT DESTRUCTION;
                                    )   (H)  ADMIT 404(B) / 609 EVIDENCE;
21                                  )   (I)  ADMIT AUDIO TAPE / DVD AND
                                    )        TRANSCRIPT OF DEFENDANT'S
22                                  )        POST-MIRANDA STATEMENT
                                    )
23                                  )  TOGETHER WITH STATEMENT OF FACTS
                                    )  AND MEMORANDUM OF LAW
24                                  )
                                    )  Date:   April 1, 2008
25                                  )  Time:   2 p.m.
                                    )  Court:  The Hon. Roger T. Benitez
26                                  )
                                    )
27                                  )
                                    )
28 _____  )

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Steven De Salvo, Assistant U.S. Attorney, and hereby files its Motions In Limine in the above-referenced case. Said motions are based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

I

STATEMENT OF THE CASE

On December 18, 2007, Defendant was arraigned on a one-count Indictment charging that Defendant was an alien illegally in the United States who knowingly and unlawfully possessed ammunition, in and affecting commerce, in violation of 18 U.S.C. §§ 922(g)(5)(a) and 924(a)(2). Defendant pleaded not guilty.

II

STATEMENT OF FACTS

A.   DEFENDANT'S APPREHENSION

On November 19, 2007, at 5:15 a.m., Border Patrol agents went to the Transit Center in Oceanside, California, and observed that Lazaro Lopez-Gonzalez ("Defendant") was acting nervous in their presence. They also noticed that Defendant had cuts on his right cheek and lower lip. When they approached him and inquired about his injuries, Defendant replied that he was injured while picking broccoli. Defendant consented to further questioning. During the questioning, Defendant admitted he was a citizen of Mexico who had no legal documents to enter or remain in the United States. He admitted that he had entered the United States four months before, through the mountains near Tijuana. The agents then arrested Defendant. During a search after his arrest, the agents found 390 rounds of .38 caliber ammunition and 50 rounds of .25 caliber ammunition in Defendant's blue sports bag. In a post-Miranda statement, Defendant admitted that he was a citizen of Mexico and that he had purchased the ammunition in the United States and had intended to take it with him to Tijuana.

An Alcohol, Tobacco, Firearms, and Explosives (ATF) expert examined the ammunition, and reached the following conclusions regarding the identity of each ammunition type, and its movement within interstate commerce: (a) 200 rounds of Magtech .38 caliber automatic ammunition were manufactured in Sao Paulo, Brazil, and were imported into Lino Lakes, Minnesota, and eventually were shipped to California; (b) 40 rounds of Corbon/Glazer .38 caliber automatic ammunition were

1 manufactured in Sturgis, South Dakota, and eventually were shipped to California; (c) 50 rounds of
2 Hornady .38 caliber automatic ammunition were manufactured in Grand Island, Nebraska, and eventually
3 were shipped to California; (d) 100 rounds of Speer Lawman .38 caliber automatic ammunition were
4 manufactured in Lewiston, Idaho, and eventually were shipped to California; and (e) 50 rounds of
5 Remington .25 caliber automatic ammunition were manufactured in Lonoke, Arkansas, and eventually
6 were shipped to California.

### B. DEFENDANT'S CRIMINAL AND IMMIGRATION HISTORY

On May 23, 1986, Defendant was convicted in the Los Angeles County Superior Court of Assault with a Firearm – Great Bodily Injury, in violation of California Penal Code § 245(A)(2), for which he was sentenced to five years in prison. On May 25, 2007, Defendant was convicted of Driving Under the Influence, in violation of California Penal Code § 23152(c), for which he was sentenced to 17 days in custody and 60 months probation. Defendant. Defendant was ordered deported by an Immigration Judge on July 9, 2007, and was removed that same day to Mexico via San Ysidro. He also was previously deported and removed on April 17, 1991, via San Ysidro.

## III

## GOVERNMENT'S MOTIONS IN LIMINE

### A. THE COURT SHOULD EXCLUDE WITNESSES DURING TRIAL WITH THE EXCEPTION OF THE GOVERNMENT'S CASE AGENT

Under Federal Rule of Evidence 615(3), "a person whose presence is shown by a party to be essential to the presentation of the party's cause" should not be ordered excluded from the court during trial. The case agent in the present matter has been critical in moving the investigation forward to this point and is considered by the United States to be an integral part of the trial team. The United States requests that Defendant's testifying witnesses be excluded during trial pursuant to Rule 615.

### B. THE COURT SHOULD PROHIBIT REFERENCE TO WHY THE DEFENDANT REENTERED THE UNITED STATES

Defendant may attempt to offer evidence of the reason for his entry in this country, or alternatively, his belief that he was entitled to be here. The Court should preclude him from doing so. Evidence of why Defendant was an illegal alien is patently irrelevant to the question of whether he was one -- the only material issue in this case. Rule 401 defines "relevant evidence" as "[E]vidence having

any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401.

Rule 402 states that evidence "which is not relevant is not admissible." Fed. R. Evid. 402. Here, the reason why Defendant entered the United States, and his belief that he was justified in doing so, is irrelevant to whether he violated the law. Likewise, the reason why Defendant was in the United States, and his belief that he was justified in being here, is irrelevant.

United States v. Komisaruk, 885 F.2d 490 (9th Cir. 1980), is illustrative. There, Komisaruk was convicted of willfully damaging government property by vandalizing an Air Force computer. Id. at 491. On appeal, she argued that the district court erred in granting the government's motions in limine to preclude her from introducing her "political, religious, or moral beliefs" at trial. Id. at 492. In particular, she argued that she was entitled to introduce evidence of her anti-nuclear war views, her belief that the Air Force computer was illegal under international law, and that she was otherwise morally and legally justified in her actions. Id. at 492-93. The district court held that her "personal disagreement with national defense policies could not be used to establish a legal justification for violating federal law nor as a negative defense to the government's proof of the elements of the charged crime," and the Ninth Circuit affirmed. Id. at 492. Similarly here, the reason why Defendant reentered the United States and his belief that he was entitled to do so, and the reason why he was in the United States and his belief that he was entitled to be here, are irrelevant to any fact at issue in this case.

C.   **THE COURT SHOULD PROHIBIT REFERENCE TO PRIOR RESIDENCY**

If Defendant seeks to introduce evidence at trial of his former residence in the United States, legal or illegal, the Court should preclude him from doing so. Such evidence is not only prejudicial, but irrelevant and contrary to Congressional intent.

In United States v. Ibarra, 3 F.3d 1333, 1334 (9th Cir. 1993), the district court granted the United States' motion in limine to preclude Ibarra from introducing "evidence of his prior legal status in the United States, and the citizenship of his wife, mother and children" in a Section 1326 prosecution. Id., overruled on limited and unrelated grounds by United States v. Alvarado-Delgado, 98 F.3d 492, 493 (9th Cir. 1996). Ibarra appealed, and the Ninth Circuit affirmed, reasoning that, because Ibarra had failed to demonstrate how the evidence could possibly affect the issue of his alienage, the district court properly

excluded it as irrelevant. Id.

Similarly, in United States v. Serna-Vargas, 917 F. Supp. 711 (C.D. Cal. 1996), the defendant filed a motion in limine to introduce evidence of what she termed "de facto" citizenship as an affirmative defense in a Section 1326 prosecution. Id. at 711. Specifically, she sought to introduce evidence of: (1) involuntariness of initial residence; (2) continuous residency since childhood; (3) fluency in the English language; and (4) legal residence of immediate family members. Id. at 712.

The court denied the motion, noting that "none of these elements are relevant to the elements that are required for conviction under §1326." Id. The court also noted that admission of the evidence would run "contrary to the intent of Congress." Id. In particular, the court stated that, under Section 212 of the Immigration and Naturalization Act of 1952, codified at 8 U.S.C. §1182(c), the Attorney General may exercise his discretion not to deport an otherwise deportable alien, if the alien has lived in the United States for 7 years. Id. at 712-13. The factors which the defendant relied upon to establish her "de facto" citizenship, the court noted, are "among the factors the Attorney General considers in deciding whether to exercise this discretion." Id. at 713.

Thus, the court reasoned, "the factors that [the defendant] now seeks to present to the jury are ones that she could have presented the first time she was deported." Id. Therefore, the court held, "[a]llowing her to present the defense now would run contrary to Congress' intent." Id. In particular, "under the scheme envisioned by Congress, an alien facing deportation may present evidence of positive equities only to administrative and Article III judges, *and not to juries*." Id. (emphasis added).

**D.    THE COURT SHOULD ADMIT A-FILE DOCUMENTS**

   **1.    The Documents are Admissible as Public or Business Records**

The Government intends to offer documents from the Alien Registration File, or "A-File," that correspond to Defendant's name and A-number in order to establish Defendant's prior removals as well as the lack of documentation showing that when he was found in the United States, Defendant had not sought or obtained authorization from the Secretary of the Department of Homeland Security. The Government also intends to offer documents in which Defendant, during his prior removals, signed statements admitting his illegal status. Such documents are self-authenticating "public records," Fed. R. Evid. 803(8)(B), or, alternatively, "business records." Fed. R. Evid. 803(6) and should be admitted.

1       The Ninth Circuit addressed the admissibility of A-File documents in <u>United States v. Loyola-Dominguez</u>, 125 F.3d 1315 (9th Cir. 1997). There, Loyola-Dominguez appealed his §1326 conviction, arguing, in part, that the district court erred in admitting at trial certain records from his "A-File." <u>Id.</u> at 1317. The district court had admitted: (1) a warrant of deportation; (2) a prior warrant for the defendant's arrest; (3) a prior deportation order; and (4) a prior warrant of deportation. The defendant in <u>Loyola-Dominguez</u> argued that admission of the documents violated the rule against hearsay, and denied him his Sixth Amendment right to confront witnesses. The Ninth Circuit rejected his arguments, holding that the documents were properly admitted as public records. <u>Id.</u> at 1318. The court first noted that documents from a defendant's immigration file, although "made by law enforcement agents, . . . reflect only 'ministerial, objective observation[s]' and do not implicate the concerns animating the law enforcement exception to the public records exception." <u>Id.</u> (quoting <u>United States v. Hernandez-Rojas</u>, 617 F.2d 533, 534-35 (9th Cir. 1980)). The court also held that such documents are self-authenticating and, therefore, do not require an independent foundation. <u>Id.</u>

        Even prior to <u>Loyola-Dominguez</u>, courts in this Circuit consistently held that documents from a defendant's A-File are admissible in a §1326 prosecution to establish the defendant's alienage and prior deportation. <u>See</u> <u>United States v. Mateo-Mendez</u>, 215 F.3d 1039, 1042-45 (9th Cir. 2000) (district court properly admitted certificate of nonexistence); <u>United States v. Contreras</u>, 63 F.3d 852, 857-58 (9th Cir. 1995) (district court properly admitted warrant of deportation, deportation order and deportation hearing transcript); <u>United States v. Hernandez-Rojas</u>, 617 F.2d at 535 (district court properly admitted warrant of deportation as public record); <u>United States v. Dekermenjian</u>, 508 F.2d 812, 814 n.1 (9th Cir. 1974) (district court properly admitted "certain records and memoranda of the Immigration and Naturalization Service" as business records, noting that records would also be admissible as public records); <u>United States v. Mendoza-Torres</u>, 285 F. Supp. 629, 631 (D. Ariz. 1968) (admitting warrant of deportation).

        **2.      The Court Should Admit the CNR**

        As noted above, a trial, the United States will introduce a Certificate of Nonexistence of Record, or CNR, stating that there is no record of Defendant's having received consent to enter the United States. As the Ninth Circuit recently held, a CNR is not "testimonial" within the meaning of <u>Crawford v. Washington</u>, 124 S. Ct. 1354 (2004), and may be admitted without violating the Confrontation Clause.

See United States v. Cervantes-Flores, 421 F.3d 825, 831-33 (9th Cir. 2005).

E. **THE COURT SHOULD PROHIBIT REFERENCE TO DEFENDANT'S HEALTH, AGE, FINANCES, EDUCATION AND POTENTIAL PUNISHMENT**

Evidence of, and thus argument referring to, Defendant's health, age, finances, education and potential punishment is inadmissible and improper. Rule of Evidence 402 provides that "[e]vidence which is not relevant is not admissible." Rule 403 provides further that even relevant evidence may be inadmissible "if its probative value is substantially outweighed by the danger of unfair prejudice." The Ninth Circuit Model Jury Instruction 3.1 explicitly instructs jurors to "not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy."[1/] Reference to Defendant's health, age, finances, education and potential punishment may be relevant at sentencing. However, in an illegal entry trial, illegal reentry trial, or attempted illegal reentry trial, such reference is not only irrelevant and unfairly

F. **THE COURT SHOULD PRECLUDE DEFENDANT FROM ARGUING THAT HE ACTED OUT OF DURESS OR NECESSITY**

Before Defendant may present a duress defense at trial, Defendant must establish three elements to the Court: (1) an immediate threat of death or serious bodily injury; (2) a well-grounded/well-founded fear that the threat will be carried out; and (3) lack of a reasonable opportunity to escape the threatened harm. United States v. Solorzano-Rivera, 368 F.3d 1073, 1076, n.3 (9th Cir. 2004) citing United States v. Shryock, 342 F.3d 948, 987 (9th Cir. 2003). See also 9th Cir. Crim. Jury Instr. 6.6 (2003). The burden of proving duress rests with the Defendant, not the Government, where the statute in which the Defendant is charged criminalizes behavior conducted knowingly or intentionally. United States v. Meraz-Solomon, 3 F.3d 298, 300 (9th Cir. 1993) (affirming District Court Judge Marilyn L. Huff's ruling that burden of proving duress lies with defendant, not the Government, in importation of cocaine case under 21 U.S.C. §§952, 960); United States v. Dominguez, 929 F.2d 1379 (9th Cir. 1991); United States v. Contento-Pacheco, 723 F.2d 691, 693-5 (9th Cir. 1984) (holding that defendant bears burden of proving duress defense for possession with intent to distribute charge under 21 U.S.C. §841).

In this case, the Defendant would need to make a prima facie showing of duress before presenting

---

[1/] Additionally, it is inappropriate for a jury to be informed of the consequences of their verdict. United States v. Frank, 956 F.2d 872, 879 (9th Cir. 1991), cert. denied, 506 U.S. 932 (1992).

such a defense. If a sufficient showing is made then the burden would lie with the Defendant to prove such a defense at trial by a preponderance of the evidence and the Court could give a duress instruction. See Dixon v. United States, 126 S.Ct. 2437, 2447-48 (2006) (rejecting argument that Government must disprove duress beyond a reasonable doubt); United States v. Meraz-Solomon, 3 F.3d at 300. Without such a showing, the Defendant may not argue duress and is not entitled to a duress instruction to the jury.

Likewise, to present a necessity defense, Defendant must establish the existence of the following four elements: (1) that he was faced with a choice of evils and chose the lesser evil; (2) that he acted to prevent imminent harm; (3) that he reasonably anticipated a causal relationship between his conduct and the harm to be avoided; and (4) that there was no other legal alternative to violating the law. See United States v. Schoon, 971 F.2d 193, 195 (9th Cir. 1993); United States v. Dorrell, 758 F.2d 427, 430-31 (9th Cir. 1985). A court may preclude invocation of the defense if "proof is deficient with regard to any of the four elements." See Schoon, 971 F.2d at 195. "Where the evidence, even if believed, does not establish all of the elements of a defense, however, the trial judge need not submit the defense to the jury." Dorrell, 758 F.2d at 430 (affirming trial court's ruling not to permit defendant to present evidence because he failed to make a prima facie showing of necessity). Necessity is based on a real emergency, not on several choices of action. Id. Moreover, a defendant may invoke the defense of necessity where he acted to promote general welfare. Contento-Pacheco, 723 F.2d at 695 (acts arising from human coercion and not physical forces may not be considered necessity).

### G. THE COURT SHOULD PROHIBIT EXAMINATION OR REFERENCE TO ALLEGED DOCUMENT DESTRUCTION AND POOR RECORD KEEPING

The United States seeks to exclude the Defendant from making reference or eliciting testimony regarding (former) Immigration and Naturalization Services' ("INS"), now Department of Homeland Security's record keeping or access to information and records. Specifically, the United States seeks to preclude reference to argument that: (1) INS computers are not fully interactive with other federal agencies' computers, (2) over 2 million documents filed by immigrants have been lost or forgotten, (3) other federal agencies have the ability and authority to apply for an immigrant to come into the United States,(4) the custodian of the A-File never checked with other federal agencies to inquire about documents relating to the Defendant. Such argument is irrelevant based upon the facts of this case as

1  there has been no proffer or mention by the Defendant that he ever made application to seek reentry after
2  deportation. See United States v. Rodriguez-Rodriguez, 364 F.3d 1142 (9th Cir. 2004) (affirming District
3  Court Judge Lorenz's rulings to deny such testimony in a §1326 "found in" case with similar facts).

4       In Rodriguez-Rodriguez, the Ninth Circuit held that any such testimony or cross examination
5  seeking to elicit such testimony is properly barred as irrelevant. Id. at 1146. The Ninth Circuit explicitly
6  rejected defense counsel's claim that the District Court's exclusion of the anticipated testimony violates
7  the Confrontation Clause. Instead, it declared that "none of the that information is relevant on the facts
8  of this case, because it is uncontested that Rodriguez never made any application to the INS or any other
9  federal agency." Thus, absent at a minimum a proffer that Defendant had in fact applied for or obtained
10 permission to enter or remain in the United States in this instant case, any such line of inquiry on cross
11 examination or on direct testimony is irrelevant and properly excludable.

12      Additionally, the United States seeks to preclude reference to shredding of immigration
13 documents by a (former) INS contractor as set forth in United States v. Randall, et al., Criminal Case No.
14 03CR0026-AHS (C.D. Cal. 2003) unless the Defendant testifies or offers evidence that (1) he did in fact
15 apply for permission to reenter the United States from the Attorney General, or his designated successor,
16 the Secretary of the Department of Homeland Security and (2) that such a document would have been
17 stored at that particular facility where the shredding occurred in the Randall case. Any reference of
18 document destruction is irrelevant and unfairly prejudicial unless there is some evidence offered by the
19 Defendant at trial that he did in fact seek permission to reenter the United States. See Fed. R. Evid. 401-
20 403. Moreover, even if the Defendant offers evidence that he did apply, there must be some showing that
21 his application would have been stored at the facility which is the subject of the Randall case during the
22 time of the alleged shredding of the documents. Otherwise, it is immaterial and irrelevant whether a
23 contractor of (former) INS destroyed documents at the INS California Service Center in Laguna Niguel,
24 California because the Defendant did not apply, or if he did apply, his application was not stored there,
25 and therefore, could not have been effected. Such testimony as well as any such statements asserted in
26 Defendant's opening or closing arguments would be unfairly prejudicial to the United States and likely
27 to cause confusion to the jury because such unsupported blanket allegations or references of document
28 destruction or poor record keeping without any showing by the Defendant that he applied for permission

to reenter would be misleading. Accordingly, the United States seeks an order precluding such argument.

**H.    THE COURT SHOULD ADMIT RULE 404(b) EVIDENCE**

The United States has notified Defendant of its intent to use Defendant's prior voluntary removals, at least 17 in number, under Rule 404(b) to show Defendant's knowledge that he was in the United States and to show absence of accident or mistake regarding his entry

**I.    THE COURT SHOULD ADMIT THE AUDIO TAPE OR TRANSCRIPT OF THE POST-MIRANDA STATEMENT**

In his post-<u>Miranda</u> statement, Defendant admitted that he is a citizen of Mexico, that he had no legal right to enter the United States, that he had not applied for readmission into the United States, and that he had been previously removed from the United States. These statements are admissions of a party opponent admissible under Fed. R. Evid. 801(d)(2).

**IV**

**CONCLUSION**

For the reasons set forth above, the Government respectfully requests that the Court grant its motions in limine.

DATED: March 26, 2008

                                  Respectfully submitted,

                                  KAREN P. HEWITT
                                  United States Attorney

                                /s/ ***Steven De Salvo***
                                STEVEN DE SALVO
                                Assistant United States Attorney
                                Attorneys for Plaintiff
                                United States of America
                                Email: steven.desalvo@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>LAZARO LOPEZ-GONZALES,<br><br>                    Defendant. | ) Criminal Case No. 07CR3393-BEN<br>)<br>)<br>) CERTIFICATE OF SERVICE<br>)<br>)<br>)<br>)<br>)<br>) |

IT IS HEREBY CERTIFIED THAT:

I, STEVEN DE SALVO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S MOTIONS IN LIMINE** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Christian De Olivas
De Olivas Law Firm
200 N. Bradford Ave., Suite L
Placentia, CA 92870
email: christian@deolivaslaw.com

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 26, 2008.

/s/ ***Steven De Salvo***
STEVEN DE SALVO